United States District Court
District of Connecticut

```
------------------------------x
                              :
THOMAS SENTEMENTES,           :
                              :
          Plaintiff,          :
                              :
v.                            :     CASE NO. 3:12CV839(AWT)
                              :
PAULA D'AMICO, JEFFREY IMMELT :
AND RICHARD LAXER.            :
                              :
          Defendants.         :
                              :
------------------------------x
```

### ORDER DISMISSING CASE

The plaintiff's Motion for Leave to Proceed In Forma Pauperis (Doc. No. 2) was granted by the court. The same statute that authorizes the court to grant in forma pauperis status to a plaintiff also contains a provision that protects against abuses of this privilege. Subsection (e) provides that the court "shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); Neitzke v. Williams, 490 U.S. 319, 325 (1989).

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim has "facial

-1-

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Where the plaintiff is proceeding pro se, the court reads his papers liberally and interprets them to raise the strongest arguments suggested therein.  See Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006).  "Although courts still have an obligation to liberally construe a pro se complaint, see Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009), the complaint must include sufficient factual allegations to meet the standard of facial plausibility."  Bilodeau v. Pillai, No. 3:10CV1910(JCH), 2011 WL 3665428, at *1 (D. Conn. Aug. 22, 2011).  In reviewing the complaint, the court "accept[s] as true all factual allegations in the complaint and draw[s] all reasonable inferences" in favor of the plaintiff.  Cruz v. Gomez, 202 F.3d 593, 596 (2d Cir. 2000) (citing King v. Simpson, 189 F.3d 284, 287 (2d Cir. 1999)).

     The plaintiff has filed a six count complaint.  On the face of the Complaint, there is no basis for diversity jurisdiction, and only one of the counts, i.e., Count Two, sets forth a federal cause of action.  Construing the allegations in the Complaint in the light most favorable to the plaintiff, the

plaintiff attempts to bring a cause of action in Count Two pursuant to 42 U.S.C. § 1983.

Count Two alleges that D'Amico violated the plaintiff's constitutional rights and that Immelt and Laxer knew or should have known that D'Amico's actions violated the plaintiff's constitutional rights. "It is well established that in order to state a claim under § 1983, a plaintiff must allege (1) that the challenged conduct was attributable at least in part to a person acting under color of state law, and (2) that such conduct deprived the plaintiff of a right, privilege or immunity secured by the Constitution or laws of the United States." Eagleston v. Guido, 41 F.3d 865, 875-76 (2d Cir. 1994). "[T]o satisfy the state action requirement where the defendant is a private entity, the allegedly unconstitutional conduct must be 'fairly attributable' to the state." Tancredi v. Metro. Life Ins. Co., 316 F.3d 308, 312 (2d Cir. 2003) (quoting Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999)). There must be "such a 'close nexus between the State and the challenged action' that seemingly private behavior 'may be fairly treated as that of the State itself.'" Brentwood Academy v. Tennessee Secondary Sch. Athletic Ass'n, 531 U.S. 288, 295 (quoting Jackson v. Metro. Edison Co., 419 U.S. 345, 351 (1974)).

The Complaint fails to allege facts that could establish that any of D'Amico, Immelt or Laxer were state actors or

otherwise acted under color of state law.  Moreover, Sentementes does not identify any, and the court can discern no, constitutional right that was allegedly violated by any of these defendants.  Therefore, Count Two fails to state a claim upon which relief can be granted and must be dismissed.

In the remaining counts in his Complaint, the plaintiff purports to bring state law claims.  Under 28 U.S.C. § 1367(c)(3), "[t]he district courts may decline to exercise supplemental jurisdiction over a [state law] claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction."  When federal claims are dismissed before trial, the basis for retaining jurisdiction is weak.  See United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966) ("Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well."); Valencia ex rel. Franco v. Lee, 316 F.3d 299, 305 (2d Cir. 2003) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine--judicial economy, convenience, fairness, and comity--will point toward declining to exercise jurisdiction over the remaining state-law claims.") (quoting Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n. 7 (1988)).  Here all the

factors to be considered point toward declining jurisdiction over the plaintiff's state law claims.

Accordingly, Count Two of the Complaint is dismissed for failure to state a claim and the remaining counts of the Complaint are dismissed because the court declines to exercise supplemental jurisdiction over them.

The Clerk shall close this case.

It is so ordered.

Signed this 5th day of March, 2013, at Hartford, Connecticut.

                                       _____/s/_____
                                           Alvin W. Thompson
                                   United States District Judge